Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 3512 | DATE | June 2, 2000 |
| CASE TITLE | Delbert Heard v. Michael F. Sheahan, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for leave to file an amended complaint is granted insofar as it specifies the last date on which the alleged constitutional violation occurred. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is granted. The clerk is directed to enter judgment dismissing this action in its entirety.

(11) ■ [For further detail see attached order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN - 6 2000 | |
| | Notified counsel by telephone. | date docketed | 20 |
| X | Docketing to mail notices. | IS | |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN - 6 2000

DELBERT HEARD, )
)
        Plaintiff, )
) Judge Wayne R. Andersen
v. )
) No. 98 C 3512
MICHAEL F. SHEAHAN, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Delbert Heard, currently an inmate at Pontiac Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his serious medical needs while he was a pre-trial detainee at the Cook County Department of Corrections. Defendants Michael F. Sheahan and James W. Fairman, Jr., (hereinafter "defendants") have filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Heard has responded to the motion to dismiss and filed a motion for leave to file an amended complaint.

### I. Standard of Review on a Motion to Dismiss

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion. *See Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253, 256 (N.D. Ill. 1992). Where the motion simply challenges the sufficiency of the allegations of subject matter jurisdiction, the court must accept as true all well-plead factual allegations and draw all reasonable inferences in favor of the plaintiff.

20

*United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208 (7th Cir.1996). If, on the other hand, the motion denies the truth of the allegations, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In this case, defendants' motion to dismiss for lack of jurisdiction contends that the applicable statute of limitations has run. This is a challenge of the sufficiency of the allegations of jurisdiction, not a challenge as to their truth. Thus, the Court will consider only the complaint and will accept all well-pled facts as true.

## II. Facts

Heard alleges that he was a pre-trial detainee at the Cook County Department of Corrections from January 1994 until June 1996. Sometime during the latter part of his detainment, he developed a prominent bulge in the left side of his abdomen. The bulge appeared to be a rupture, and he suffered excruciating pain after eating. He also had numbness in his upper thigh.

Heard submitted medical request forms but received no treatment. He then filed numerous grievances, but received no response. After months of suffering, Heard contacted his sister, Gaynell Stacker, and asked her to send the defendants formal complaints. She sent the defendants complaints detailing Heard's medical problem. Heard asserts that these

complaints were all notarized and sent certified/return receipt to the defendants to ensure that the defendants received them. Heard claims that he verbally informed both Fairman and Carey of his injury on several occasions, and they gave him "wanton" responses.

Some months later, a doctor examined Heard. The examination revealed that Heard in fact had a ruptured hernia and that surgery was required to repair it. Despite this diagnosis and more complaints sent by his sister, Heard did not receive the required surgery.

Heard avers that defendants were consciously and culpably inattentive to his medical needs, causing him to suffer months of excruciating pain and life-threatening danger.

## III. Analysis

Defendants argue that acts occurring more than two years before the lodging of Heard's complaint on June 5, 1998, are barred by the statute of limitations. The statute of limitations for § 1983 actions arising in Illinois is two years. *See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989).

Although state law governs the length of the statute of limitations, federal law governs the accrual date of the cause of action. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury. *Id.* Given that Heard submitted medical request forms and grievances, it appears that he was aware shortly after the bulge developed that he had a medical problem that required attention. Heard

3

has also attached a letter from the Hernia Center of Illinois, dated March 10, 1997, describing out-patient treatment for hernias. Heard was obviously aware for more than a year before he lodged his complaint that he suffered from a hernia. Absent tolling, because Heard lodged his complaint on June 5, 1998, the statute of limitations has run on all of his claims based on events before June 5, 1998.

Heard avers that the statute of limitations should be tolled pursuant to the continuing violation doctrine. This doctrine permits a plaintiff to obtain relief for a time-barred act by linking it with acts that fall within the limitations period. However, it is applicable only if it would have been unreasonable to expect the plaintiff to sue before the statute ran on the conduct. *See, e.g., Filipovic v. K & R Express Systems, Inc.*, 176 F.3d 390, 397 (7th Cir. 1999). Because Heard knew about the abdominal bulge sometime during the latter part of his detainment and has not proffered any reason why it would have been unreasonable for him to bring suit sometime during the following two years, the continuing violation doctrine does not apply.

Along with his response, Heard has also sought leave to file an amended complaint. In it, he specifies that June 6, 1996, was his last court date when he was detained at the Cook County Department of Corrections. He claims that this will now bring him within the statute of limitations and save his action. If the continuing violation doctrine applied, Heard's action would be saved entirely. However, as discussed above, the doctrine does not apply and Heard has not given any other reasons for tolling the statute of limitations. The date of June 6, 1996, saves only one day of Heard's claim.

4

As defendants point out in their reply, Heard omitted the dates of prominent events relevant to his lawsuit; however, it is obvious from the narrative style of his complaint that all of these events happened before June 5, 1996. Because all but one day of Heard's claim is time barred and he has failed to state specifically how any of the defendants were deliberately indifferent to his serious medical needs on June 5, 1996, defendants' motion to dismiss is granted.

## IV. Conclusion

For the foregoing reasons, Heard's motion for leave to file an amended complaint is granted insofar as it specifies the last date on which the alleged constitutional violation occurred. Defendants' motion to dismiss is granted, and the clerk is directed to enter judgment dismissing this action in its entirety.

If Heard wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App .P. 4(a)(4). If he does so, he will be liable for the $105 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If this court finds that the appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3); *Newlin*, 123 F.3d at 433-34. To avoid a finding that the appeal is not taken in good faith, a motion to

proceed *in forma pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999); *Newlin*, 123 F.3d at 433; Fed. R. App. P. 24(a)(1)(C).

It is so ordered.

/s/ Wayne R. Andersen
Wayne R. Andersen
United States District Judge

Dated: June 2, 2000