# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3512 | **DATE** | 2/10/2003 |
| **CASE TITLE** | Delbert Heard vs. Michael F. Sheahan et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The defendants' motion to alter or amend our ruling of July 31, 2002 is [71-1,2] granted. The plaintiff's motion for leave to file an amended complaint adding the three additional state law tort claims is hereby denied. The plaintiff's Section 1983 cause of action against the defendants remains viable.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | **Document Number** |
| | No notices required. number of notices | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. FEB 1 1 2003 date docketed | |
| ✓ | Docketing to mail notices. | 84 |
| | Mail AO 450 form. docketing deputy initials | |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DELBERT HEARD, No. B76789, ) | | |
| ) | | |
| Plaintiff, ) | | **DOCKETED** |
| ) | 98 C 3512 | |
| v. ) | | FEB 1 1 2003 |
| ) | Wayne R. Andersen | |
| MICHAEL F. SHEAHAN, ) | District Judge | |
| JAMES W. FAIRMAN, JR., ) | | |
| JAMES CAREY, et. al., ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants to alter or amend our judgment of July 31, 2002 pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, the motion is granted and the state tort law claims are dismissed.

## BACKGROUND

On June 5, 1998, plaintiff Delbert Heard filed a civil rights complaint against defendants Sheriff Michael Sheahan, former Executive Director of the Cook County Department of Corrections James Fairman, and former Superintendent of the Cook County Jail James Carey pursuant to 42 U.S.C. § 1983. The plaintiff alleged that the defendants violated his civil rights by failing to provide prompt, necessary, and adequate medical care in response to an inguinal hernia the plaintiff developed while in custody at the Cook County Jail from 1994 through 1996.

On May 21, 2002, the plaintiff, through counsel, filed a motion for leave to file an amended complaint. In the amended complaint, Heard sought to plead three additional state tort causes of action - one for intentional infliction of emotional distress and two counts of

negligence. On June 7, 2002, the defendants filed a brief in opposition to the motion for leave to file an amended complaint arguing that the proposed state law tort claims were time-barred. On June 27, 2002, the plaintiff filed his reply brief in which he argued that the state tort claims were not time-barred because they relate back in time to the filing of the original Section 1983 complaint on June 5, 1998. In our order of July 31, 2002, we concluded that the plaintiff was entitled to file his amended complaint because the timing of the state law tort claims was "saved" by the relation back doctrine contained in Federal Rule of Civil Procedure 15(c).

Shortly after this ruling was issued, the defendants, on August 7, 2002, filed the instant motion to alter or amend our July 31 order. The plaintiff filed his response on October 18, 2002. A reply was filed on October 30, 2002. The motion is now ripe for decision.

## DISCUSSION

The Federal Rules do not expressly recognize motions for "reconsideration." Instead, "reconsideration" motions are normally treated as either motions for relief from orders/judgments under Rule 60(b) or motions to alter or amend judgment under Rule 59(e). Because the instant motion was filed as a Rule 59(e) motion and because it was filed within the 10-day post-judgment period, it was properly filed as a Rule 59(e) motion to alter or amend judgment. There are essentially three grounds that might justify the grant of a Rule 59(e) motion to alter or amend judgment: 1) to incorporate an intervening change in controlling law; 2) to reflect newly discovered evidence not available at the time of trial; and 3) to correct a manifest error of law or fact. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 850 (7th Cir. 1999); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Instead, "[t]he rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

In their Rule 59(e) motion, the defendants have argued that our July 31, 2002 order was incorrect based on controlling Seventh Circuit precedent. Specifically, the defendants assert that an amended complaint which seeks to add state tort law claims cannot relate back to the filing of the original complaint if the statute of limitations for the state law claims expired a year before the original complaint was filed. In support of this argument, the defendants primarily rely on the Seventh Circuit's opinion in *Henderson v. Bolanda*, 253 F.3d 928 (7th Cir. 2001). In that case, plaintiffs originally filed a complaint based on state law claims after the statute of limitations on those claims had run. Plaintiffs then filed an amended complaint based on the same events but alleging violations under 42 U.S.C. § 1983 instead of state laws. At the time the amended complaint was filed, the statute of limitations for the Section 1983 claims had already run, and plaintiffs argued that it related back to the filing of the original complaint. The Seventh Circuit rejected plaintiffs' arguments, holding that if the original complaint was untimely filed, it "cannot then act as a life-line for a later complaint, filed after the two-year statute of limitations for the claims which it contained." *Id.* at 932.

We do not feel that our July 31, 2002 order reflects an incorrect interpretation of the *Henderson* decision. In order for an amendment to a pleading to relate back to a prior pleading

3

under Rule 15(c), the court determined that the amendment must arise out of the same set of operative facts as the original complaint and the "original complaint must have been timely filed." *Id.* at 931. In this case, those criteria technically have been satisfied. The proposed additional state law tort claims arise out of Heard's allegations of insufficient medical care at the Cook County Jail. Additionally, both parties agree that the original Section 1983 complaint was timely filed.

That being said, however, another line of Seventh Circuit cases demonstrates that our July 31, 2002 ruling was incorrect. The Seventh Circuit has repeatedly held that a district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations. *See Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2001); *King v. One Unknown Federal Corr. Officer*, 210 F.3d 910, 914 (7th Cir. 2000). That is the case here.

In order to illustrate the application of the futility principle, we will use this case as an example. The plaintiff's Section 1983 cause of action began to accrue sometime in June of 1996. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). As the Seventh Circuit held, the original June 5, 1998 complaint satisfied the two-year statute of limitations for civil rights claims in Illinois. However, under Illinois law, state tort claims against government officials, such as intentional infliction of emotional distress and negligence, have only a one-year statute of limitations. *See Henderson*, 253 F.3d at 932; 745 ILCS 10/8-101. Accordingly, the statute of limitations for any state tort claim against the defendants expired in June of 1997. Thus, if this Court were to permit the plaintiff to amend his complaint to add the tort claims and have those claims relate back to the timely June 5, 1998 complaint, then the defendants could instantly file a

4

motion to dismiss seeking to strike the tort claims based on the statute of limitations. In other words, relating back the tort claims to June 5, 1998 still makes them one year too late. As such, the proposed amended complaint adding the new tort claims would be futile under the applicable statute of limitations. Had the plaintiff filed his original Section 1983 complaint before June 1997 (i.e. within the one year statute of limitations for tort claims against government officials), then we certainly would have permitted him to amend the complaint to add the state tort claims.

## CONCLUSION

For the foregoing reasons, the defendants' motion to alter or amend our ruling of July 31, 2002 is granted. The plaintiff's motion for leave to file an amended complaint adding the three additional state law tort claims is hereby denied. The plaintiff's Section 1983 cause of action against the defendants remains viable.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 7, 2003